**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 4:15 CR 352 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Quentin D. Burley, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 24). For the following reasons, the motion is DENIED.

### Facts

Defendant Quentin Burley entered into a plea agreement in February 2016, assisted by his defense counsel Edward Mullin, whereby he pled guilty to being a felon in possession of a firearm. In May 2016, defendant was sentenced to 70 months imprisonment, to run concurrent with sentences imposed by a state court, and a term of supervised release. Defendant did not file an appeal of the judgment.

1

This matter is now before the Court upon defendant Motion to Vacate Under 28 U.S.C. § 2255.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.  To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant's motion sets forth one ground for relief, i.e., he is "being held under a void statute" as recognized by *Rehaif v. United States*, 139 S.Ct. 2191 (2019).  As to why he did not raise this issue on direct appeal, defendant states, "Ineffectiveness of counsel was not reviewable on direct appeal."  Finally, defendant states that his motion is timely pursuant to 28 U.S.C. § 2255 (f)(3) because *Rehaif* has been made retroactive. The government argues that defendant cannot assert ineffective assistance of counsel because *Rehaif* was not decided at the time that defendant entered into his plea.

Defendant's claim fails to warrant § 2255 relief.  In *Rehaif*, the Supreme Court held that

2

"in prosecutions under 18 U.S.C. § 922(g), 'the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.' " *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (citing *Rehaif)*. Defendant argues that because the indictment did not allege defendant's knowledge or offer proof of such at the plea hearing, his conviction must be reversed in light of *Rehaif.* In his reply brief, defendant further maintains that his lawyer, Mr. Mullin, should have thought to advance the argument just as Rehaif's lawyer knew to do so. For the following reasons, defendant's contentions are without merit.

First, the Court agrees with the district courts which have concluded that *Rehaif* does not apply retroactively to cases on collateral review. *Wright v. U.S.* , 2020 WL 718237 (W.D.Tenn. Feb. 12, 2020) ("While the Sixth Circuit has not yet addressed *Rehaif's* retroactivity, this Court agrees with the district court decisions in this Circuit holding that the ruling in *Rehaif* does not apply retroactively to cases on collateral review. *See Dowlen v. United States*, 2020 WL 489460, at *2 (M.D. Tenn. Jan. 30, 2020) (collecting cases)); *Doyle v. U.S.,* 2019 WL 6351255 (S.D. Ohio Nov. 27, 2019) (citing *Moore v. United States*, 2019 WL 4394755, at *2 (W.D. Tenn. Sept. 12, 2019)). Additionally, circuit courts of appeal have determined the same. See *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review." ); *In re Sampson,* 954 F.3d 159 (3rd Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all. Rather, it addressed what the statutes enacted by Congress require for a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2)... [I]t did not set forth a new rule of constitutional law as contemplated by § 2255(h)." Because defendant did not set forth a "retroactively applicable rule of constitutional law," his application to file a

second or successive motion to vacate his sentence was denied.)

Second, there is no basis to find that Mr. Mullin was ineffective for failing to anticipate an argument that was successful three years later. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984) ("To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense.")

For these reasons, defendant's asserted ground does not warrant relief under § 2255.

**Conclusion**

For the foregoing reasons, defendant's Motion Under 28 U.S.C. § 2255 to Vacate is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                             /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 5/5/20